J-S70035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON SIMS | : | |
| | : | |
| Appellant | : | No. 1408 EDA 2018 |

Appeal from the Judgment of Sentence March 30, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003388-2014

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.: **FILED DECEMBER 24, 2018**

Appellant, Jason Sims, appeals from the amended judgment of sentence entered in the Chester County Court of Common Pleas, following revocation of his probation. We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On September 13, 2013, police received reports that Appellant was creating a disturbance at a restaurant. By the time officers arrived at the scene, Appellant had already gone. While searching the area, officers observed a male matching Appellant's description seated on a bench at a train station. Appellant began to walk away when the officers approached. As the officers pursued Appellant, a train pulled into the station, and Appellant attempted to board it. The officers managed to pull Appellant away from the train and, after a physical struggle, placed Appellant under arrest.

On November 19, 2014, Appellant entered a negotiated guilty plea to resisting arrest and simple assault, and the court imposed the negotiated sentence of four (4) years' probation. On March 26, 2018, the court revoked Appellant's probation, because Appellant had been convicted of possession of marijuana and had threatened a parole agent. That same day, the court resentenced Appellant on his 2014 convictions to an aggregate term of three (3) to twenty-three (23) months' imprisonment. On March 28, 2018, Appellant timely filed a motion for modification of sentence, which the court denied on March 29, 2018.

On March 30, 2018, the court entered an amended sentencing order to reflect Appellant's accurate time served and to clarify that Appellant could be re-paroled directly to a Veterans' Affairs program. Appellant timely filed a notice of appeal on April 26, 2018. On May 3, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of a concise statement, counsel filed a Rule 1925(c)(4) statement of his intent to file an **Anders**[1] brief on May 23, 2018. On September 7, 2018, counsel filed a petition to withdraw and an **Anders** brief in this Court.

As a preliminary matter, counsel seeks to withdraw his representation pursuant to **Anders, supra** and **Commonwealth v. Santiago**, 602 Pa. 159,

---

[1] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor [*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> *        *        *
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and

counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of ***Anders*** and ***Santiago***.

Appellant has not responded to the ***Anders*** brief *pro se* or with newly retained private counsel. Counsel raises the following issues on Appellant's

behalf:

> ARE THERE ANY NON-FRIVOLOUS ISSUES PRESERVED ON APPEAL?
>
> WAS THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS EXCESSIVE OR OTHERWISE ILLEGAL?

(**Anders** Brief at 4).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding and the legality of the judgment of sentence imposed. **Commonwealth v. Heilman**, 876 A.2d 1021 (Pa.Super. 2005). Notwithstanding the stated scope of review suggesting only the legality of a sentence is reviewable, an appellant may also challenge the discretionary aspects of a sentence imposed following revocation. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). **See also Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*) (discussing that scope of review following revocation proceedings includes discretionary sentencing claims).

In his first issue, Appellant argues the revocation court improperly found he had violated his probation. Appellant concludes this Court should vacate the revocation sentence. We disagree.

In the context of probation revocation and resentencing, the Sentencing Code provides, in pertinent part:

> **§ 9771. Modification or revocation of order of probation**
>
> **(a) General rule.**—The court may at any time

terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

**(b)  Revocation.—**The court may revoke an order of probation upon proof of the violation of specified conditions of the probation.  Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c)  Limitation  on  sentence  of  total confinement.—**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1)  the defendant has been convicted of another crime; or

(2)  the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)  such a sentence is essential to vindicate the authority of the court.

*    *    *

42 Pa.C.S.A. § 9771(a)-(c).  A guilty plea admits that the allegations, if proved, meet the elements of the offenses charged and constitutes a criminal conviction the same as a trial verdict.  ***See Commonwealth v. Palarino***, 77 A.2d 665 (Pa.Super. 1951).

Here, in 2014, Appellant entered a negotiated guilty plea to resisting arrest and simple assault, and the court sentenced Appellant to an aggregate term of four (4) years' probation.  While serving probation for his 2014 convictions, Appellant threatened a parole agent and was convicted of possession of marijuana.  Appellant's new conviction constituted a violation of

his probation, and the revocation court properly revoked Appellant's probation and resentenced Appellant. *See* 42 Pa.C.S.A. § 9771(a)-(c); *Palarino, supra*. Therefore, Appellant's first issue merits no relief.

In his second issue, Appellant contends that his revocation sentence was unduly harsh and excessive. Appellant concludes this Court should vacate the judgment of sentence and remand for resentencing. As presented, Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing). We disagree.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Sierra, supra* at 912. Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Rule 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (most internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a

separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); Pa.R.A.P. 2119(f). This Court must evaluate what constitutes a substantial question on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra*. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. *Id.* at 435, 812 A.2d at 627.

"[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa.Super. 2006). *See also Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa.Super. 2006). Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has

been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. *See* 42 Pa.C.S.A. § 9771(c). The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006). The record as a whole can be used to evaluate the sentencing court's consideration of the facts of the case and the defendant's character. ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). ***See also Commonwealth v. Carrillo-Diaz***, 64 A.3d 722 (Pa.Super. 2013) (explaining where revocation court presided over defendant's no contest plea hearing and original sentencing, as well as his probation revocation hearing and sentencing, court had sufficient information to evaluate circumstances of offense and character of defendant when sentencing following revocation).

Instantly, Appellant raised his sentencing issue in a post-sentence motion and filed a timely notice of appeal. Appellant, however, did not set forth a separate statement of reasons for review under Rule 2119(f) in his appellate brief, which ordinarily waives a discretionary-aspects-of-sentencing issue, unless the Commonwealth fails to object to the omission. ***See Commonwealth v. Saranchak***, 544 Pa. 158, 675 A.2d 268 (1996), *cert. denied*, 519 U.S. 1061, 117 S.Ct. 695, 136 L.Ed.2d 617 (1997) (stating court

may overlook appellant's failure to provide Rule 2119(f) statement when appellee fails to object, if substantial question is evident from appellant's brief; boilerplate assertions do not qualify as substantial questions regarding discretionary aspects of sentencing). *But see Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (noting *Anders* requires review of issues otherwise waived on appeal to determine their merit in order to rule on counsel's request to withdraw).

Here, the Commonwealth did not object to the missing Rule 2119(f) statement in Appellant's brief. Therefore, we may overlook the omission. *See Saranchak, supra*. Moreover, counsel filed an *Anders* brief, so we would examine the issue in any event. *See Lilley, supra*. As presented, however, Appellant's bald claim of excessiveness does not raise a substantial question. *See Mouzon, supra*.

Moreover, at Appellant's revocation of probation and re-sentencing hearing, the court reasoned:

> Here's where I'm at. I have, I guess, three different assault convictions all tied into mental health issues, a DUI conviction and now a new conviction.
>
> *    *    *
>
> Here's what I know. You keep getting in trouble and every time—let me finish. Every time you get in trouble, you didn't really do it. It's somebody else's fault. It's your parent's fault. It's [the parole agent's] fault… You are a guy that needs mental health counselling big time.
>
> *    *    *

> And the situation was I tried to give you an indication that I wasn't going to hammer you here. I'm giving you the bottom of the standard range, which is three months to 23. You can get paroled after the three months, which is giving you credit from January 22nd of '18.

(N.T. Sentencing Hearing, 3/26/18, at 30-31). In determining the revocation sentence of three (3) to twenty-three (23) months' imprisonment, the court considered Appellant's criminal history, prior behavior, and mental health. Furthermore, the court sentenced Appellant to a term of imprisonment, following his conviction for a new crime, and imposed a sentence at the bottom of the standard range. In light of this information, Appellant's sentence was not excessive. **See Crump, supra**; 42 Pa.C.S.A. § 9771(c). The court was well within its authority to sentence Appellant to the term it imposed. **See MacGregor, supra**. Therefore, Appellant's sentencing issue merits no relief. Following our independent review of the record, we agree with counsel that the appeal is wholly frivolous. **See Palm, supra**. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/18

- 11 -